# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

CATHERINE POULOS KASIDONIS,
*as Executrix of the estate of*
William Peter Basileios Theofano Poulos,   :   Case No. 1:08-cv-84-SJD-TSH
            Plaintiff,             :   Dlott, J.

                                              Hogan, M.J.

vs.                                               :

                                              :

HAMILTON COUNTY, OHIO, *et al.*,     :
            Defendants.          :

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on February 5, 2008, by filing a *pro se* complaint

pursuant to 42 U.S.C. § 1983 against six defendants: Hamilton County, Ohio; John

Doe; Gregory Hartmann, Hamilton County Clerk of Courts; James Cissell, former

Hamilton County Clerk of Courts; Hamilton County Court of Common Pleas; and

Hamilton County Board of County Commissioners. (Doc. 1.)

Pro se plaintiff Kasidonis is the Executrix for decedent William Poulos, who

was involved as a plaintiff in a state court action in October 1999. On behalf of

decedent's estate, plaintiff alleges that Poulos was denied due process and equal

access to the courts as a result of an error by a state court clerk during the state court

1

proceedings. According to plaintiff, the court clerk in the underlying state court proceeding erred in recording a substitution of decedent/plaintiff's counsel by entering the name of one of the state court defendants' attorneys instead of decedent/plaintiff's new counsel. Plaintiff contends that as a result of the error, neither the decedent/plaintiff nor his counsel received notice of a pending motion to dismiss, and the underlying state court action was dismissed with prejudice. Plaintiff alleges that the state court dismissal was discriminatory because it constituted "selective enforcement of the laws" against decedent who was "a disabled veteran from World War II." (Doc. 1, Complaint, p. 5, ¶¶ 5-7). In her prayer for relief, plaintiff Kasidonis seeks "[f]inancial [c]ompensation to the degree that they do not do this to another person again." (Doc. 1, Compl., p. 6).

On March 4, 2008, defendants Hamilton County, Ohio, Gregory Hartmann, Hamilton County Clerk of Courts, Hamilton County Court of Common Pleas, and Hamilton County Board of Commissioners (The Hamilton County Defendants) filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. 10.) On March 28, 2008, defendant Judge James Cissell, former Hamilton County Clerk of Courts, also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 11). On that same

2

date, plaintiff filed a memorandum in opposition to defendants' motions. (Doc. 12). The motions are fully briefed and ripe for review.

## I. STANDARD OF REVIEW

On consideration of a motion to dismiss under either Rule 12(b)(1) or (6), the Court must take all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 199) (Rule 12(b)(6)); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.), *cert. denied,* 513 U.S. 868 (1994) (Rule 12(b)(1)).

Because plaintiff brings this case *pro se,* the Court liberally construes the allegations in her favor. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir*

*v. Greater Cleveland Reg'l Trans. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "[T]he court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 918 (6th Cir. 1986). In resolving a factual jurisdictional issue under a Rule 12(b)(1) motion, the Court addresses the jurisdictional issue in the same manner as summary judgment issues, in that the moving party must demonstrate the absence of a genuine issue of jurisdictional fact. *Armbruster v. Quinn*, 711 F.2d 1332, 1335 (6th Cir.1983); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## II. DISCUSSION

The Hamilton County Defendants argue that the complaint is barred by various legal doctrines and theories, including (1) *Res Judicata*; (2) the *Rooker-Feldman* doctrine; (3) the applicable statute of limitations; (4) Eleventh Amendment immunity; and (5) the absence of liability under the theory of *respondeat superior*. The Hamilton County Defendants also argue that the complaint fails to state a claim against Hamilton County or the Hamilton County Board of Commissioners and that they are immune from punitive damages.

Defendant Judge James Cissell asserts that the claims against him must be dismissed for the same reasons as those asserted by the Hamilton County defendants.

4

In addition, Judge Cissell argues that dismissal is warranted because the complaint fails to allege any facts giving rise to a claim against him, and to the extent the complaint attempts to allege claims against Judge Cissell in his capacity as a Judge of the Hamilton County, Ohio, Probate Court, he is entitled to absolute judicial immunity.

## **Plaintiff's Complaint is Barred by Res Judicata**

The preclusive effects of former adjudication are referred to collectively by most commentators and practitioners as the doctrine of *res judicata*. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1985). *Res judicata* consists of two preclusion concepts: issue preclusion and claim preclusion. *Id.*; *J.Z.G. Resources, Inc. v. Shelby Insurance Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Issue preclusion, which is also referred to as direct or collateral estoppel, refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. *Migra*, 465 U.S. at 77 n.1. In other words, under the doctrine of issue preclusion, a plaintiff is barred from relitigating issues of law or fact which were actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if they were decided as part of a different claim or cause of action. *Sanders Confectionary Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

By contrast, claim preclusion refers to the effect of a judgment in foreclosing

5

the litigation of a matter that has never been litigated because of the Court's determination that it should have been raised in an earlier suit. *Migra*, 465 U.S. at 77 n.1. As stated by the Sixth Circuit, "the doctrine of . . . claim preclusion provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or should have been raised in a prior action." *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998)(quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995))(internal quotations omitted); *Wilkins v. Jakeway*, 993 F. Supp. 635, 645 (S.D. Ohio 1998)(Kinneary, J.). Claim preclusion applies where the following four elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the parties or their privies; (3) an issue in the subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action. *Wilkins*, 993 F. Supp. at 645.

Decedent Poulos previously filed two separate lawsuits in this Court seeking relief from the underlying state court decision dismissing his 1999 state court action. See Poulos v. Hamilton County Common Pleas Court, et. al., Case No. 1:03-cv-932-SJD-DSP (Dlott, J; Perelman, M.J.)(hereinafter "Poulos I") and Poulos v. Hamilton County, et. al., Case No. 1: 05-cv-333-SJD-TSB (Dlott, J; Black, M.J.)(hereinafter "Poulos II"). In both prior cases, this Court dismissed the actions, finding that they

6

were barred by the *Rooker-Feldman* doctrine. Those who are successors in interest to a party are bound by a judgment against that party. *Becherer v. Merrill Lynch, Pierce, Fenner, & Smith*, 193 F.3d 415, 422 (6th Cir. 1999). Thus, to the extent that plaintiff's complaint, brought by the executrix of decedent's estate, raises the same claims as those raised in the Poulos I and or Poulos II, they are barred by issue preclusion.

To the extent that plaintiff's disability discrimination claims in the present case are not barred by the doctrine of issue preclusion, the Court finds that these claims are nevertheless barred by claim preclusion. Nonmutual claim preclusion is appropriate where a pro se litigant brings repeated actions upon the same operative facts with slight changes in the legal theories and the "cast of characters-defendants." *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992)(citing with approval *Hazzard v. Weinberger*, 382 F. Supp. 225, 226-29 (S.D.N.Y. 1974), *aff'd*, 519 F.2d 1397 (2d Cir. 1975)). Plaintiff's complaint in the instant case is merely a repeated attempt to assert causes of action based on the same operative facts, with slight changes in the legal theories asserted. In Poulos I, decedent named Hamilton County Common Pleas Court, Hamilton County Clerk of Courts, and Hamilton County, Ohio as parties defendant. *See* Case No. 1:03-cv-932-SJD-DSP. In Poulos II, decedent named Hamilton County, Ohio, James Cissell, Gregory

7

Hartmann, Hamilton County Court of Common Pleas, and the Hamilton County Board of County Commissioners as parties defendant. These are the same defendants named in the instant litigation, which also raises essentially the same facts as those set forth in decedent's prior lawsuits. The fact that plaintiff Kasidonis, suing in her capacity as executrix of decedent's estate, has chosen to add a claim based on decedent's alleged status as a disabled veteran does not foreclose application of the doctrine of claim preclusion. *Randles*, 965 F.2d at 93.

Both District Court decisions dismissing the prior cases are undisputedly final decisions by a court of competent jurisdiction, plaintiff is decedent's successor in interest, making this action one between the same parties or their privies, the issues have been or should have been litigated in the previous lawsuits, and there is a clear identity between the causes of action. *Bittinger v. Tecumseh Products, Co.*, 123 F.3d 877, 880 (6th Cir. 1997). For all these reasons, plaintiff's complaint should be dismissed.

## Plaintiff's Complaint is Barred by the *Rooker-Feldman* Doctrine

Assuming, *arguendo*, that plaintiff's claims were not subject to dismissal based on *Res Judicata* grounds, the complaint is nevertheless barred by the *Rooker-Feldman* doctrine. As this Court has found twice before in both Poulos I and

8

Poulos II, the *Rooker-Feldman* doctrine squarely applies to this case.

The *Rooker-Feldman* doctrine provides that the federal district courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). A dismissal under the *Rooker-Feldman* doctrine is a dismissal without prejudice. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *see also Pancake v. McCowan*, Nos. 02-3537, 02-3594, 2003 WL 2007943, at *1 (6th Cir. Apr. 30, 2003) (per curiam).

In considering whether the doctrine applies, the Court must determine whether a plaintiff's constitutional claims are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486-87; *Patmon*, 224 F.3d at 509-10. "A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, . . . and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law." *Rowls v. Weaver*, No. 01-1589, 2001 WL 1580246, at *1 (6th Cir. Dec. 7, 2001) (citing *Patmon*, 224 F.3d at 509-10; *Catz v.*

9

*Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), *amended on denial of reh'g*, 243 F.3d 234 (6th Cir. 2001)).

In the present case, plaintiff's claims are "inextricably intertwined" with the underlying state court decisions. Plaintiff is specifically challenging the state court proceedings. Additionally, for plaintiff to succeed in this federal action, the Court would necessarily have to determine that the state court erred in dismissing decedent's case. Accordingly, the complaint should be dismissed for lack of jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:** the Hamilton County Defendants' Motion to Dismiss (Doc. 10) should be **GRANTED**; Judge Cissell's Motion to Dismiss (Doc. 11) should be GRANTED; and this action should be TERMINATED on the docket of this Court.

Date: 12/4/08

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CATHERINE POULOS KASIDONIS,

*as Executrix of the estate of*

William Peter Basileios Theofano Poulos,

     Plaintiff,

vs.

HAMILTON COUNTY, OHIO, *et al.*,

     Defendants.

Case No. 1:08-cv-84-SJD-TSH

(Dlott, J.; Hogan, M.J.)

## NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on **12-5-08** . Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

11

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Catherine Poulos Kasidonis
1300 Anderson Ferry Road
Cinti, OH 45238

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   7007 0710 0000 8134 9847

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

1:08cv84   Doc.13